IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELISSA VILLANUEVA, ON BEHALF OF THE ESTATE OF ABELINO GUZMAN, DECEASED, AND ON BEHALF OF A.G., A MINOR, DESIRAY DAVIS, AND TRACY GUZMAN § § § § § § V. § § ELECTRIC RELIABILITY COUNCIL § OF TEXAS, INC., AMERICAN § ELECTRIC POWER COMPANY, INC., § AND AEP TEXAS, INC. § | | CIVIL ACTION NO.: 2:21-cv-48 JURY DEMANDED |

DEFENDANTS AMERICAN ELECTRIC POWER COMPANY, INC. AND
AEP TEXAS INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW American Electric Power Company, Inc. ("AEPC") and AEP Texas Inc. and respectfully submit this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I.     BACKGROUND

1.     On February 26, 2021, Plaintiffs sued Defendants Electric Reliability Council of Texas, Inc. ("ERCOT"), AEPC, and AEP Texas Inc. in an Original Petition filed in the 79th Judicial District Court of Jim Wells County, Texas, for negligence and gross negligence arising out of the "rolling blackouts" ordered by ERCOT to electric utilities throughout the state of Texas in connection with the

1

extreme cold weather event that occurred in February 2021. Plaintiffs allege that power to the decedent's home was lost on February 14, 2021, and the home continued to be without power on February 16, 2021, causing the decedent to die as a result of hypothermia (Pltfs' Orig. Pet., p. 7-8).

2. AEPC and AEP Texas Inc. were served with summons and the Original Petition on March 3, 2021. Both filed their Original Answers on March 22, 2021. ERCOT was served on March 4, 2021, and filed its Original Answer on March 23, 2021.

3. This case is removable under federal diversity jurisdiction. *See* 28 U.S.C. §1332. Removal is warranted because Plaintiffs seek damages in excess of the statutory limit and because the served and properly joined defendants are diverse. ERCOT is an improperly joined defendant because Plaintiffs have no possibility of recovery against it.

4. Because AEPC and AEP Texas Inc. were served with the lawsuit on March 3, 2021, this notice of removal is properly filed within the 30-day time period required by 28 U.S.C. §1446(b)(1). Consent from the remaining defendant who has been improperly joined is not required. *See Escalante v. Deere & Co.,* 3 F.Supp.3d 587, 590 (S.D. Tex. 2014) (citing *Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007).

## II.     BASIS FOR REMOVAL-DIVERSITY OF JURISDICTION

5.      This action is removable under 28 U.S.C. §1332 because the properly served and joined parties are diverse. According to Plaintiffs' Original Petition, Plaintiffs are all Texas residents. (Pltf's Orig. Pet., pg. 1-2).

6.      Defendant AEPC is a New York corporation with its principal place of business located in Columbus, Ohio. Defendant AEP Texas Inc. is a Delaware Corporation with its principal place of business in Columbus, Ohio.

7.      The citizenship of the remaining defendant, ERCOT, should be disregarded because it has been improperly joined. *See Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (discussing improper joinder). A party seeking a federal forum can establish improper joinder by demonstrating that there is either "actual fraud in the pleading of jurisdictional facts," or "no reasonable basis for the district court to predict that the plaintiff might be able to recover against the nondiverse defendant." *Toney v. State Farm Lloyds,* 661 F.App'x. 287, 290 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). Under the second method, improper joinder is established when "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood,* 385 F.3d at 573. To resolve a question of improper joinder, the court may conduct a Rule 12(b)(6)-type analysis.

*Id.* The Rule 12(b)(6) analysis incorporates the federal pleading standard. *Int'l Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.,* 818 F.3d 193, 200 (5th Cir. 2016). Accordingly, "a complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id.* at 200. Where a plaintiff has "stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood,* 385 F.3d at 573.

8. "Jurisdictional facts are determined at the time of removal, not by subsequent events." *Flagg v. Stryker Corp.,* 819 F.3d 132, 137 (5th Cir. 2016). Thus, the possibility of recovery against a non-diverse defendant is examined at the time of removal. *See id.* "This inquiry must be made regardless of whether the court examine the plaintiff's chance of surviving a Rule 12(b)(6) challenge, or instead, conducts a summary inquiry by piercing the pleadings." *Id.* If the court determines that a party was improperly joined, "then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Id.* at 136.

9. Plaintiffs have no possibility of recovery against ERCOT because it is entitled to sovereign immunity.

10. Plaintiffs allege that ERCOT is liable for ordering rolling blackouts and depriving the decedent of power and heat. (Pltfs' Orig. Pet., pg. 5).

4

11. Plaintiffs further allege that ERCOT failed in its duty to estimate and plan the amount of power that would be required in the Winter 2021 season. Further, Plaintiff alleges that ERCOT violated various provisions of 16 Tex. Admin. Code §25.52 concerning preventing interruptions of service and managing emergencies resulting therefrom. (Pltfs' Orig. Pet., pg. 8.).

12. Pursuant to Tex. Util. Code §39.151, ERCOT was certified by the Texas Public Utility Commission (PUC) as the independent system operator (ISO) to, among other functions, ensure the reliability and adequacy of the regional electrical network. ERCOT is a necessary component of the legislature's electric utility industry regulatory scheme. *See id.* §39.151(a). Rules adopted by the PUC require ERCOT to administer a "mechanism" to provide for resource adequacy in an energy-only market, which mechanism is intended to encourage market participants to build and maintain a mix of resources that sustain adequate supply of electric service in the ERCOT power region. *See* 16 Tex. Admin. Code §25.505(a) & (g) (requiring ERCOT to administer "scarcity pricing mechanism").

13. Because: (a) ERCOT exercises power delegated to it by an administrative agency (the PUC) pursuant to legislation; (b) its power includes rule-making authority that is binding on market participants; and (c) it is subject to broad oversight by the PUC, which can decertify it, the only Texas appellate court to consider and determine its status has concluded that ERCOT is entitled to sovereign

5

immunity from private damage suits in connection with the discharge of its regulatory responsibilities. *See Electric Reliability Council of Texas, Inc. v. Panda Power Generation Infrastructure Fund, LLC,* 552 S.W.3d 297, 319 (Tex. App.-Dallas 2018, pet. dism'd w.o.j.). Thus, Plaintiffs have no reasonable possibility of recovery from ERCOT. As a result, ERCOT is improperly joined, and its citizenship should be disregarded for purposes of diversity jurisdiction.

### III. AMOUNT IN CONTROVERSY AND VENUE

14. Plaintiffs have pled damages in excess of the statutory minimum for purposes of diversity jurisdiction. 28 U.S.C. §§ 1332(a) and 1446(c)(2)(A)(ii). (Pltf's Orig. Pet., pg. 3).

15. Venue for this removal is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division corresponding to Jim Wells County, Texas, the place where the state court action is pending.

### IV. JURY DEMAND

16. AEPC and AEP Texas Inc. assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## V.  DOCUMENTS FROM THE REMOVED ACTION

17. Pursuant to Local Rule 81, the following documents are attached to this Notice of Removal.

    Exhibit 1:  All executed process in the case;

    Exhibit 2:  Pleadings asserting causes of action and all answer to such pleadings.

    Exhibit 3:  The docket sheet;

    Exhibit 4:  An index of matters being filed; and

    Exhibit 5:  A list of all counsel of record, including addresses, telephone numbers, and parties represented.

18. AEPC and AEP Texas Inc. have served all parties with a copy of this Notice of Removal and forwarded it for filing with the Clerk for the 79th Judicial District Court of Jim Wells County, Texas, Cause No. 21-02-60953-CV; *Melissa Villanueva, on Behalf of the Estate of Abelino Guzman, Deceased, and on Behalf of A.G., A Minor, Desiray Davis, and Tracy Guzman v. Electric Reliability Council of Texas, Inc., American Electric Power Company, Inc. and AEP Texas Inc.;* in the 79th Judicial District of Jim Wells County, Texas, in accordance with 28 U.S.C. § 1446(d).

## VI. CONCLUSION

19. In accordance with 28 U.S.C. § 1441, AEPC and AEP Texas Inc. may properly remove the state court action to this Court because: (1) it is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas, Corpus Christi Division; (2) the served and properly joined parties are from different states; and (3) exclusive of interests and costs, the amount in controversy exceeds $75,000.00.

Respectfully submitted,

By : */s/ William Johnson*
William Johnson
State Bar No. 24002367
Fed. Bar No. 22896
DUGGINS WREN MANN & ROMERO, LLP
P.O. Box 1149
Austin, Texas 78767-1149
Ph : 512.744.9300
Fax: 512-744-9399
Email : bjohnson@dwmrlaw.com

G. Don Schauer
State Bar No. 17733298
Fed. Bar No. 7641
SCHAUER & SIMANK, P.C.
615 N. Upper Broadway, Suite 700
Corpus Christi, Texas 78401-0781
Ph : 361.884.2800
Fax : 361.884.2822
Email : dschauer@cctxlaw.com

Robert L. Galligan
State Bar No. 07590500
Fed. Bar No. 8041
Lance Kirby
State Bar No. 00794096
Fed. Bar No. 21811
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
Town Center Tower, Suite 300
2300 West Pike Boulevard
Weslaco, Texas  78596
Ph    :  956.968.5402
Fax   :  956.969.9402
Email :  bgalligan@jgkl.com
Email :  lakirby@jgkl.com

**ATTORNEYS FOR DEFENDANTS AMERICAN ELECTRIC POWER COMPANY, INC. AND AEP TEXAS INC.**

9

## **CERTIFICATE OF SERVICE**

I certify that on the 24th day of March, 2021, a copy of **Defendants AEPC and AEP Texas Inc.'s Notice of Removal** was electronically filed using the CM/ECF system, which will automatically serve a Notice of Filing on the following attorneys:

Mikal C. Watts
WATTS GUERRA LLP
Four Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas  78257
mcwatts@wattsguerra.com

Gregory L. Gowan
GOWAN ELIZONDO LLP
555 N. Carancahua St., Suite 1400
Corpus Christi, Texas  78401
ggowan@gelawfirm.com

Patrick A. Luff
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, Texas  75231
pluff@fnlawfirm.com

Jerrold S. Parker
Raymond Silverman
Melanie Muhlstock
Nicholas F. Morello
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY  11050

                                       */s/ William Johnson*
                                       William Johnson

JS 44 (Rev. 10/20) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Melissa Villanueva, On Behalf of the Estate of Abelino Guzman, Deceased, and on Behalf of A.G., A Minor

**(b)** County of Residence of First Listed Plaintiff: **Jim Wells**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See attachment to Civil Cover Sheet

## DEFENDANTS
Electric Reliability Council of Texas, Inc., American Electric Power Company, Inc. and AEP Texas, Inc.

County of Residence of First Listed Defendant: **Jim Wells**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
See attachment to Civil Cover Sheet

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- [X] 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**TORTS - PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS - Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332, 1441 and 1446
Brief description of cause:
Negligence

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 3/24/2021 | /s/ William P. Johnson |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELISSA VILLANUEVA, ON BEHALF OF THE ESTATE OF ABELINO GUZMAN, DECEASED, AND ON BEHALF OF A.G., A MINOR, DESIRAY DAVIS, AND TRACY GUZMAN <br><br> V. <br><br> ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., AMERICAN ELECTRIC POWER COMPANY, INC., AND AEP TEXAS, INC. | § § § § § § § § § § § § § | CIVIL ACTION NO.:_____ <br> JURY DEMANDED |

## ATTACHMENT TO CIVIL COVER SHEET

MIKAL C. WATTS
State Bar No.: 20981820
Federal Id No.:
mcwatts@wattsguerra.com
Watts Guerra LLP
Four Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas  78257
Ph     : 210.447.0500
Fax   : 210.447.0501

GREG GOWAN
State Bar No.: 00792384
Federal Id No.:
ggowan@gelawfirm.com
Gowan Elizondo LLP
555 N. Carancahua St., Suite 1400
Corpus Christi, Texas  78401
Ph     : 361.651.1000
Fax   : 361.651.1001

PATRICK A. LUFF
State Bar No.: 24092728
Federal Id No.:
pluff@fnlawfirm.com
Fears Nachawati, PLLC
5473 Blair Road
Dallas, Texas 75231
Ph : 214.890.0711
Fax : 214.890.0172

JERROLD S. PARKER
New York Bar No. 1894666
*Pro hac vice application to be filed*
jerry@yourlawyer.com
Parker Waichman LLP
6 Harbor Park Drive
Port Washington, NY 11050
Ph : 516.723.4629
Fax : 516.723.4729

**ATTORNEYS FOR PLAINTIFFS:
MELISSA VILLANUEVA, ON BEHALF
OF THE ESTATE OF ABELINO GUZMAN,
DECEASED, AND ON BEHALF OF
A.G., A MINOR, DESIRAY DAVIS, AND
TRACY GUZMAN**

G. DON SCHAUER
State Bar No.: 17733298
Federal ID No.: 7641
dschauer@cctxlaw.com
Schauer & Simank, P.C.
615 N. Upper Broadway, Ste. 700
Corpus Christi, Texas 78401
Ph : 361.884.2800
Fax : 361. 884.2822

ROBERT L. GALLIGAN
State Bar No.: 07590500
Federal Id No.: 8041

bgalligan@jgkl.com
Jones, Galligan, Key & Lozano, L.L.P.
Town Center Tower, Suite 300
2300 West Pike Boulevard
Weslaco, Texas 78596
Ph : 956.968.5402
Fax : 956.969.9402

LANCE KIRBY
State Bar No.: 00794096
Federal Id No.: 21811
lakirby@jgkl.com
Jones, Galligan, Key & Lozano, L.L.P.
Town Center Tower, Suite 300
2300 West Pike Boulevard
Weslaco, Texas 78596
Ph : 956.968.5402
Fax : 956.968.5402

WILLIAM JOHNSON
State Bar No.: 24002367
Federal Id No.: 22896
bjohnson@dwmrlaw.com
Duggins Wren Mann & Romero, LLP
600 Congress, Ste. 1900
Austin, Texas 78701
Ph : 512.744.9300
Fax : 512.744.9399

**ATTORNEYS FOR DEFENDANTS
AMERICAN ELECTRIC POWER COMPANY
AND AEP TEXAS INC.**