# EXHIBIT 2

## CAUSE NO. 21-02-60953-CV

| | | |
|---|---|---|
| **MELISSA VILLANUEVA, ON BEHALF** | § | **IN THE DISTRICT COURT** |
| **OF THE ESTATE OF ABELINO** | § | |
| **GUZMAN, DECEASED, AND ON BEHALF** | § | |
| **OF A.G., A MINOR, DESIRAY DAVIS,** | § | |
| **AND TRACY GUZMAN,** | § | |
| *Plaintiffs,* | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **v.** | § | |
| | § | |
| **ELECTRIC RELIABILITY COUNCIL OF** | § | |
| **TEXAS, INC., AMERICAN ELECTRIC** | § | |
| **POWER COMPANY, INC., AND AEP** | § | **JIM WELLS COUNTY** |
| **TEXAS, INC.,** | § | |
| *Defendants.* | § | |

## PLAINTIFFS' ORIGINAL PETITION

To the Honorable Judge of this Court:

Plaintiffs Melissa Villanueva, on Behalf of the Estate of Abelino Guzman, Deceased, and on Behalf of A.G., a Minor, Desiray Davis, and Tracy Guzman file this Original Petition against Defendants Electric Reliability Council of Texas, Inc., American Electric Power Company, Inc., and AEP Texas, Inc., and would respectfully show as follows:

### I. DISCOVERY PLAN

1. Pursuant to TEX. R. CIV. P. 190.4, Plaintiffs intend to conduct discovery in this case under a Level 3 Discovery Plan.

### II. PARTIES

2. Plaintiff Melissa Villanueva is an individual residing in Jim Wells County, Texas, and is a citizen of the State of Texas. The last three digits of Plaintiff Melissa Villanueva's Texas driver's license are 318, and the last three digits of Plaintiff's social security number are 995.

3. Plaintiff Melissa Villanueva brings a survival action on behalf of the Estate of

Abelino Guzman, Deceased. Plaintiff Melissa Villanueva also brings a wrongful death action on behalf of Abelino Guzman's surviving minor child, A.G.

4. Plaintiff Desiray Davis is an individual residing in San Patricio County, Texas, and is a citizen of the State of Texas. The last three digits of Plaintiff Desiray Davis's Texas driver's license are 360, and the last three digits of Plaintiff's social security number are 050. Plaintiff Desiray Davis is Abelino Guzman's surviving child.

5. Plaintiff Tracy Guzman is an individual residing in Jim Wells County, Texas, and is a citizen of the State of Texas. The last three digits of Plaintiff's social security number are 431. Plaintiff Tracy Guzman is Abelino Guzman's surviving child.

6. At the time of his death, Abelino Guzman resided in Jim Wells County, Texas, in the 600 block of McMasters Road, Alice, Texas.

7. Defendant Electric Reliability Council of Texas, Inc. ("ERCOT") is a Texas corporation with its principal place of business at 7620 Metro Center Dr., Austin, TX 78744. Defendant ERCOT may be served with process by serving its registered agent, Bill Magness, at 7620 Metro Center Dr., Austin, TX 78744.

8. Defendant American Electric Power Company, Inc. ("AEP") is a New York Corporation with its principal place of business at 1 Riverside Plaza, Columbus, OH 43215. Defendant AEP may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201. Defendant AEP in its assumed or common name is sued under TEX. R. CIV. P. 28 and includes suit against any and all partnerships, unincorporated associations, private corporations, and individuals doing business under the assumed name "AEP" or "American Electric Power," which is hereby sued in its partnership, assumed, or common name in connection with producing, transmitting, or distributing electric

power. *See* TEX. R. CIV. P. 28. Service of process on American Electric Power Company, Inc. effects service on AEP in its assumed or common name. At all relevant times, AEP regularly transacted, solicited, and conducted business in the State of Texas.

9.      Defendant AEP Texas, Inc. ("AEP Texas") is a Delaware corporation with its principal place of business at 1 Riverside Plaza, Columbus, OH 43215. Defendant AEP Texas may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201. Defendant AEP Texas in its assumed or common name is sued under TEX. R. CIV. P. 28 and includes suit against any and all partnerships, unincorporated associations, private corporations, and individuals doing business under the assumed name "AEP Texas," which is hereby sued in its partnership, assumed, or common name in connection with producing, transmitting, or distributing electric power. *See* TEX. R. CIV. P. 28. Service of process on AEP Texas, Inc. effects service on AEP Texas in its assumed or common name. At all relevant times, AEP Texas regularly transacted, solicited, and conducted business in the State of Texas.

10.     Defendant AEP Texas is a wholly owned subsidiary of Defendant AEP.

### III. JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action under TEX. GOV'T CODE § 24.007.

12.     The damages sought are within the jurisdictional limits of the Court. Plaintiff's counsel states that the amount of damages they seek in monetary relief falls under TEX. R. CIV. P. 47(c)(4).

13.     Venue is proper in Jim Wells County, Texas under TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because it is the county in which all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

14.     Plaintiffs have not alleged any federal causes of action, and expressly and

unequivocally disclaims and disavows any reliance on federal law. Plaintiffs proceed herein solely pursuant to the laws of the State of Texas, and do not raise any federal question, substantial or otherwise. There is no federal question, and any alleged federal question could not possibly be substantial, much less substantial to the federal system as a whole. *See Gunn v. Minton,* 568 U.S. 251 (2013). Even were a federal question raised, actually disputed, and substantial (all of which is denied), it would not be capable of resolution in federal court without disruption of the federal-state balance approved by Congress. Therefore, any removal of this case pursuant to 28 U.S.C. § 1331 would be improvident and sanctionable.

15. Plaintiffs and Defendant ERCOT are citizens of the State of Texas. Pursuant to both 28 U.S.C. § 1441(b)(2) and 28 U.S.C. § 1332, this action cannot be removed, and any such removal would be sanctionable.

## IV. FACTS

16. On or about February 14, 2021, the State of Texas experienced a cold weather event in which more than 4 million Texas households, including Decedent Abelino Guzman's, lost power.

17. As a result of the impending cold weather event, Texas Governor Greg Abbott issued a disaster declaration on February 12, 2021, for all 254 counties in the State of Texas.

18. On the following day, February 13, 2021, Governor Abbott requested a federal emergency declaration, which was approved on February 14, 2021.

19. By February 15, 2021, the National Weather Service had issued a winter storm warning for the entire State of Texas.

20. The cold weather event caused increased energy demands across the state as Texans tried to keep their homes and businesses warm, with total state energy demand peaking around

69,000 megawatts.

21.    A peak winter demand of 69,000 megawatts is by no means unusual. As recently as the 2018 winter season, the Texas energy grid experienced demand in excess of 65,000 megawatts.

22.    The Texas energy grid regularly meets summer demands of 125,000 megawatts—almost twice the peak demand experienced in February 2021.

23.    As energy demand rose in February 2021, the supply of energy fell as outdated power generators failed, depriving the Texas power grid of 45,000 megawatts of energy.

24.    Along with Defendants AEP, AEP Texas, Inc., and others, Defendant ERCOT provides 90 percent of Texas's electricity and serves 26 million customers.

25.    Defendants ERCOT, AEP, and AEP Texas, and others could have increased electric production capacity in Texas in the days and weeks leading up to the February 2021 cold weather event, but consciously chose not to do so.

26.    Similarly, Defendants AEP, AEP Texas, Inc., and others could have weatherized and updated their generation, transmission, and distribution facilities in order to prevent cold-weather failures like those experienced in February 2021, but consciously chose not to do so.

27.    In response to Defendants' failure to anticipate increased energy demands in February 2021, as well as the failure of Defendants AEP, AEP Texas, and others to weatherize and updated their generation, transmission, and distribution facilities, the transmission and distribution utilities—including Defendant AEP Texas—that make up the Texas energy grid were ordered to initiate rolling blackouts. These rolling blackouts left millions in the State of Texas without power for several days.

28.    This cold weather event and its effects on the Texas energy grid were neither

unprecedented, nor unexpected, nor unforeseen.

29.  In fact, similar cold weather events in 1989 and 2011 led to exactly the same type

of rolling blackouts that have affected and continue to affect Texas residents and businesses.

30.  Texas also experienced disruptive cold weather events in 1983, 2003, 2006, 2008,

and 2010.

31.  After investigating the Texas power grid in the wake of the cold weather event of

1989, the Public Utilities Commission of Texas made the following recommendations:

- "All utilities should ensure that they incorporate the lessons learned during December of 1989 into the design of new facilities in order to ensure their reliability in extreme weather conditions.

- All utilities should implement procedures requiring a timely annual (each Fall) review of unit equipment and procedures to ensure readiness for cold weather operations.

- All utilities should ensure that procedures are implemented to correct defective freeze protection equipment prior to the onset of cold weather.

- All utilities should maintain insulation integrity and heat tracing systems in proper working order. Generating unit control systems and equipment essential to cold weather operations should be included in a correctly managed preventive maintenance program.

- Additional training programs for plant personnel on the emergency cold weather procedures, including periodic drills, should be implemented by each responsible utility."

PUCT 1989 Report at 7.

32.  The Federal Energy Regulatory Commission and a nonprofit regulatory authority

investigated the Texas power grid after rolling blackouts were again required during a cold weather

event in 2011. The FERC report concluded:

Despite the recommendations issued by the PUCT in its report on the 1989 event, the majority of the problems generators experienced in 2011 resulted from failures of the very same type of equipment that failed in the earlier event. And in many cases, these failures were experienced by the same generators. . . . In its 1989 report,

the PUCT commented that "whether the corrective actions being implemented [by the generators in the wake of the event] are sufficient to prevent future freeze-off related power plant failures, only direct experience with another deep freeze will ascertain." **Texas has now had that second event, and the answer is clearly that the corrective actions were not adequate, or were not maintained**. Generators were not required to institute cold weather preparedness, and efforts in that regard lapsed with the passage of time.

FERC 2011 Report at 178–79 (footnote omitted) (emphasis added).

33.     The FERC report further noted:

the massive amount of generator failures that were experienced raises the question whether it would have been helpful to increase reserve levels going into the event. This action would have brought more units online earlier, might have prevented some of the freezing problems the generators experienced, and could have exposed operational problems in time to implement corrections before the units were needed to meet customer demand.

FERC 2011 Report at 8.

34.     As the FERC report observed, "[m]any of the generators that experienced outages in 1989 failed again in 2011." FERC 2011 Report at 8.

35.     Now, many of these same power generators, transmitters, and distributors, including Defendant AEP, AEP Texas, and others, have failed once again due to their refusal to implement the reasonable economical remedies recommended in 1989 and 2011.

36.     The power in Decedent's home went out approximately on Sunday, February 14, 2021. As a direct result, Decedent's home had no heat. Sunday night, the temperature in Alice was approximately 17 degrees.

37.     Decedent's power was out all day Monday, February 15, 2021, and all Monday night, when the temperature in Alice was approximately 19 degrees. Decedent's home continued to have no heat, and the temperature plummeted in the house.

38.     On Tuesday, February 16, 2021, Decedent's power remained out, and the temperature in inside Decedent's home was approximately 32 degrees.

39.     On Tuesday, Plaintiff Melissa Villanueva, a certified nurse assistant, noticed that Decedent's skin was becoming purple and he was having difficulty breathing. She started performing CPR on Decedent and called paramedics. On information and belief, the paramedics' arrival was delayed because of the poor condition of the roads.

40.     Paramedics continued attempting to resuscitate Decedent on the way to the hospital, but despite their efforts, Decedent died shortly after arriving at the hospital.

41.     On information and belief, Decedent died of hypothermia as a direct result of the power outage, which deprived him of heat in his home.

## V. CLAIMS FOR RELIEF

### COUNT 1: NEGLIGENCE AND GROSS NEGLIGENCE – ERCOT

42.     Defendant ERCOT had a duty to take reasonable care in estimating and planning the amount of power that would be required in the Winter 2021 season.

43.     Defendant ERCOT further had a duty to take reasonable corrective actions when it became clear that its own projections showed insufficient supply capacity to meet forecast demand.

44.     Defendant ERCOT failed to take reasonable care in estimating and planning the amount of power that would be required in the Winter 2021 season.

45.     Defendant ERCOT failed to take reasonable corrective actions when it became clear that its own projections showed insufficient supply capacity to meet forecast demand.

46.     Defendant ERCOT failed to "make all reasonable efforts to prevent interruptions of service" as required by 16 TEX. ADMIN. CODE § 25.52.

47.     Defendant ERCOT failed to "make reasonable provisions to manage emergencies resulting from failure of service" as required by 16 TEX. ADMIN. CODE § 25.52.

48.     Defendant ERCOT's violations of 16 TEX. ADMIN. CODE § 25.52 constituted

negligence per se.

49.    Defendant ERCOT's negligent acts and omissions, as described above, caused DECEDENT to lose power at his home and proximately caused his injuries and damages.

50.    In addition, Defendant ERCOT's acts and omissions described herein involved an extreme degree of risk of harm to others, including Decedent.

51.    Despite knowledge of this extreme risk of harm, Defendant ERCOT persisted in performing the acts and omissions described herein with a conscious indifference to and reckless disregard of to the rights, safety, or welfare of others.

52.    Defendant's relevant conduct resulting in the death of Decedent reflected such an entire want of care as to establish that the acts and omissions in question were the result of actual conscious indifference to the rights, welfare, or safety of the persons affected by it, including without limitation Decedent. Defendant's conduct constituted more than momentary thoughtlessness, inadvertence, or error of judgment.

53.    Such gross negligence was a proximate cause of Plaintiffs' and Decedent's injuries and damages. Accordingly, Defendant ERCOT was grossly negligent, and Plaintiffs are entitled to recover exemplary damages in an amount sufficient to punish Defendant ERCOT and deter others from engaging in similar conduct.

**COUNT 2: NEGLIGENCE AND GROSS NEGLIGENCE – AEP AND AEP TEXAS**

54.    Defendants AEP and AEP Texas had a duty to Plaintiffs and Decedent to exercise reasonable care in maintaining and updating its generation, transmission, and distribution facilities in order to prevent cold-weather failures like those experienced in February 2021.

55.    Defendants AEP and AEP Texas failed to take reasonable corrective actions to prevent cold-weather failures in its generation, transmission, and distribution facilities.

56.     In addition, Defendants AEP and AEP Texas had a duty under 16 TEX. ADMIN. CODE § 25.52 to "make all reasonable efforts to prevent interruptions of service."

57.     Defendants AEP and AEP Texas failed to "make all reasonable efforts to prevent interruptions of service" as required by 16 TEX. ADMIN. CODE § 25.52.

58.     In addition, Defendants AEP and AEP Texas had a duty under 16 TEX. ADMIN. CODE § 25.52 to "make reasonable provisions to manage emergencies resulting from failure of service."

59.     Defendants AEP and AEP Texas failed to "make reasonable provisions to manage emergencies resulting from failure of service" as required by 16 TEX. ADMIN. CODE § 25.52.

60.     Defendants AEP and AEP Texas's violations of 16 TEX. ADMIN. CODE § 25.52 constituted negligence per se.

61.     Defendants AEP and AEP Texas's negligent acts and omissions, as described above, caused Plaintiffs and Decedent to lose power at their home and proximately caused the resultant injuries and damages.

62.     In addition, Defendants AEP and AEP Texas's acts and omissions described herein involved an extreme degree of risk of harm to others, including Plaintiffs and Decedent.

63.     Despite knowledge of this extreme risk of harm, Defendants AEP and AEP Texas persisted in performing the acts and omissions described herein with a conscious indifference to and reckless disregard of to the rights, safety, or welfare of others.

64.     Defendants AEP and AEP Texas's relevant conduct resulting in the death of Decedent reflected such an entire want of care as to establish that the acts and omissions in question were the result of actual conscious indifference to the rights, welfare, or safety of the persons affected by it, including without limitation Decedent. Defendants AEP and AEP Texas's conduct

constituted more than momentary thoughtlessness, inadvertence, or error of judgment.

65.     Such gross negligence was a proximate cause of Plaintiffs' and Decedent's injuries and damages. Accordingly, Defendants AEP and AEP Texas were grossly negligent, and Plaintiffs are entitled to recover exemplary damages in an amount sufficient to punish Defendants AEP and AEP Texas and deter others from engaging in similar conduct.

## VI. INDIVISIBLE INJURY

66.     Plaintiffs would show that wrongful acts and omissions of the Defendants joined to produce an indivisible injury that cannot be apportioned with reasonable certainty to any individual defendant. Accordingly, each defendant is jointly and severally liable for the entire amount of Plaintiffs' damages.

## VII. DAMAGES

67.     As a direct and proximate result of the acts and omissions alleged above, Decedent and Decedent's children, Desiray Davis, Tracy Guzman, and A.G., a minor, suffered injuries and damages.

68.     As a direct and proximate result of the acts and omissions alleged above, Plaintiffs seek all damages allowed under law for all elements of damages recognized under existing law.

69.     Plaintiff Melissa Villanueva, on behalf of all Wrongful Death Beneficiaries of Decedent, as anticipated Personal Representative of the Estate of Abelino Guzman, Deceased, and on behalf of A.G., a minor, and Plaintiffs Desiray Davis, and Tracy Guzman, further seeks damages under the Texas Wrongful Death and Survival Statutes. Plaintiffs Desiray Davis, Tracy Guzman, and A.G., a minor, are the surviving children of Decedent. Decedent suffered physical pain and mental anguish before his death.

70.     Plaintiffs respectfully request the Court and jury to determine the amount of loss

Decedent's children have incurred and are entitled to recover, including *inter alia* the expense of Decedent's funeral and compensation for the physical and mental suffering and anguish that Decedent was caused to endure for the injuries received in the events made the basis of this lawsuit until the time of death.

71. By reason of the occurrence made the basis of this lawsuit, the support, inheritance, and contributions that Decedent would have made to Decedent's children, Plaintiffs Desiray Davis, Tracy Guzman, and A.G., a minor, have been forever swept away. Plaintiffs seek to recover a sum of money that would fairly and reasonably compensate Decedent's children for their pecuniary losses, such as the loss, care, maintenance, support, services, advice, counsel, and all other reasonable contributions having a pecuniary value. Plaintiffs also seek compensation for the loss of inheritance and for all other damages resulting from the termination of parent-child relationships, including loss of the love, comfort, companionship, and society that Decedent's children would, in reasonable probability, have received from Decedent had he lived.

72. Plaintiffs also seek compensation for the emotional pain, torment, anguish, and suffering Decedent's children have suffered, and in reasonable probability will continue to suffer in connection with the untimely death of Decedent, their beloved father.

## VIII. NOTICE

73. Defendants are hereby provided with notice under TEX. R. CIV. P. 193.7 that all documents produced by them in this suit will be used at pretrial proceedings and at trial in this case.

## IX. CONDITIONS PRECEDENT

74. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## X. REQUEST FOR DISCLOSURE

75.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose within 30 days after being served or joined the information or material described in Rule 194.2.

## XI. REQUEST FOR RELIEF

76.    As a result of the foregoing, Plaintiffs respectfully requests that the defendants be cited to appear and answer, and that upon final trial and hearing hereof, Plaintiffs recover:

a.  Actual and compensatory damages;

b.  Exemplary damages;

c.  Costs of court;

d.  Pre- and post-judgment interest; and

e.  Such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be entitled.

## XII. JURY DEMAND

77.    Plaintiffs hereby demand trial by jury on all claims so triable.

Dated: February 26, 2021

Respectfully submitted,

/s/ Mikal C. Watts
Mikal C. Watts
Texas Bar No. 20981820
mcwatts@wattsguerra.com
Francisco Guerra IV
Texas Bar No. 00796684
fguerra@wattsguerra.com
Alicia D. O'Neill
Texas Bar No. 24040801
aoneill@wattsguerra.com
Meredith D. Stratigopoulos
Texas Bar No. 24110416

mdrukker@wattsguerra.com
**WATTS GUERRA LLP**
Four Dominion Drive
Bldg. 3, Suite 100
San Antonio, TX 78257
Phone: (210) 447-0500
Fax: (210) 447-0501

Gregory L. Gowan
Texas Bar No. 00795384
ggowan@gelawfirm.com
**GOWAN ELIZONDO LLP**
555 N. Carancahua St., Suite 1400
Corpus Christi, TX 78401
Phone: (361) 651-1000
Fax: (361) 651-1001

Patrick A. Luff
Texas Bar No. 24092728
pluff@fnlawfirm.com
Matthew R. McCarley
Texas Bar No. 24041426
mccarley@fnlawfirm.com
C. Bryan Fears
Texas Bar No. 24040886
fears@fnlawfirm.com
N. Majed Nachawati
Texas Bar No. 24038319
mn@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, TX 75231
Phone: (214) 890-0711
Fax: (214) 890-0712

Jerrold S. Parker
New York Bar No. 1894666
*Pro hac vice application to be filed*
jerry@yourlawyer.com
Raymond Silverman
New York Bar No. 3033743
*Pro hac vice application to be filed*
rsilverman@yourlawyer.com
Melanie Muhlstock
New York Bar No. 2858900

*Pro hac vice application to be filed*
mmuhlstock@yourlawyer.com
Nicholas F. Morello
New Jersey Bar No. 322572020
*Pro hac vice application to be filed*
nmorello@yourlawyer.com
**PARKER WAICHMAN LLP**
6 Harbor Park Drive
Port Washington, NY 11050
Phone: (516) 723-4629
Fax: (516) 723-4729

*Counsel for Plaintiffs*

STATE OF TEXAS
COUNTY OF JIM WELLS

I, R. DAVID GUERRERO, DISTRICT CLERK OF JIM WELLS COUNTY, TEXAS
DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY
OF THE ORIGINAL RECORD, NOW IN MY LAWFUL CUSTODY AND POSSESSION,
FILED ON 02/26/2021         AS APPEARS ON FILE IN MY OFFICE.
WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, THIS 03/02/2021
R. DAVID GUERRERO, DISTRICT CLERK
JIM WELLS COUNTY, TEXAS



BY_____, DEPUTY

# 79TH JUDICIAL DISTRICT COURT SITTING IN JIM WELLS COUNTY
## AND
# JIM WELLS COUNTY COURT AT LAW

## SECOND AMENDED
## GENERAL STANDING ORDERS FOR REMOTE PROCEEDINGS
## REGARDING COVID-19 STATE OF EMERGENCY

FILED AT 11:32 O'CLOCK __ M
R. DAVID GUERRERO
SEP 15 2020
DISTRICT CLERK, JIM WELLS CO, TEXAS
BY __ DEPUTY

These General Standing Orders were not requested by any party but were unanimously adopted by the 79th Judicial District Court sitting in Jim Wells County and the Jim Wells County Court at Law. These General Standing Orders apply to every case now pending in either the 79th Judicial District Court sitting in Jim Wells County or the Jim Wells County Court at Law. These General Standing Orders supplement the 79th Judicial District Court and the Jim Wells County Court at Law Standing Order of January 6, 2020 and are effective immediately. The First Amended General Standing Orders for Remote Proceedings Regarding Covid-19 State of Emergency signed June 5, 2020 are hereby rescinded.

Having considered the current situation with Coronavirus (COVID-19), the Disaster Declaration by the Texas Governor, and the Emergency Orders issued by the Supreme Court of Texas and the Court of Criminal Appeals of Texas, the Courts FIND that good cause exists for the entry of this Order.

IT IS ORDERED that all non-jury hearings and trials will be held via teleconferencing using the Zoom application until further order of the Court. The Court may conduct an in-person hearing, if permitted by law, upon motion of a party showing good cause. The Motion must be supported by affidavit establishing the infeasibility of conducting a remote hearing.

IT IS FURTHER ORDERED that:

(1)    All setting requests for non-jury hearings and trials shall be emailed to the appropriate court at:

District Court:              **districtcourt@co.jim-wells.tx.us**

County Court at Law:    **countycourtatlaw@co.jim-wells.tx.us**

COPY

(2) All hearings on Motions for Summary Judgment shall be by submission only.

(3) All exhibits a party intends to offer into evidence and all orders and other documents a party intends to present to the Court for consideration shall:

    (a) Be placed in a Dropbox Shared Folder before the hearing no later than 4:00 p.m. the day before the scheduled hearing. If the date falls on a Monday, the exhibits shall be placed in the Dropbox folder no later than 4:00 p.m. the previous Friday.

    Please contact the following to be included on a Dropbox Shared Folder:

    District Court:     **sgtrevino@co.jim-wells.tx.us**

    County Court at Law: **patricia.morales@co.jim-wells.tx.us**

    (b) Be in PDF searchable format; and

    (c) Be clearly labeled with the exhibit number (utilizing Arabic numerals in numerical order) and cause number.

    (d) An exhibit that contains multiple pages shall be Bates stamped or numbered at the bottom of each page. If an exhibit contains multiple photographs marked as one exhibit number, each photograph shall be marked by a letter of the alphabet in alphabetical order.

IT IS FURTHER ORDERED that the following guidelines shall be implemented:

(1) Attorneys, parties, witnesses, and other attendees shall attend the video hearing through Zoom by using a desktop computer, laptop, tablet, iPad, or smartphone that has video and audio capability. If a party or witness does not have access to any of these electronic devices, the party or witness may attend the hearing by telephone.

(2) All witnesses shall be alone in the physical room where they are testifying. The witness prior to testifying and at the conclusion of testimony, at the request of the Court, shall scan the room with his or her camera to ensure that this rule is complied with. All electronic devices, other than the webcam being used to broadcast the Court's proceeding under the Open Courts Provision shall be turned off. Attorneys or other interested parties shall not be allowed to pass the functional equivalent of notes by electronic means to the witness while testifying.

(3) The attorney calling the witness shall be responsible for ensuring that the witness has a separate video and audio source. Attorneys shall be prohibited from sharing a connection with a witness. It shall be the responsibility of the attorney offering the witness to provide the link to the court proceeding and that the witness has all of the exhibits being offered into evidence.

(4) All attorneys, parties, witnesses, and other attendees shall download and familiarize themselves with the Zoom software at **www.zoom.us** prior to all hearings.

COPY

(5)  All pro se litigants who are unable to join the teleconference but would like to make other arrangements to make an appearance by phone must contact the appropriate court within seventy-two (72) hours in advance of the scheduled hearing to make other arrangements.

For the District Court, call 361-219-6959 or email: **districtcourt@co.jim-wells.tx.us**

For the County Court at Law, call 361-668-5898 option 4 or email: **countycourtatlaw@co.jim-wells.tx.us**

All court proceedings shall be televised live on youtube. These proceedings may be viewed by the general public on the following youtube channels:

District Court: **https://www.youtube.com/channel/UC90iekrRu11mlv0KxJyNDYw**

County Court at Law: **https://www.youtube.com/channel/UCq9NFTsfKxo02-JZxDj9Alw**

# NOTICE

UNDER THE OPEN COURTS PROVISION OF THE TEXAS CONSTITUTION, ALL COURTS ARE REQUIRED TO MAINTAIN PUBLIC ACCESS. IN GENERAL, COURT PROCEEDINGS ARE PRESUMPTIVELY OPEN TO THE PUBLIC IN TEXAS STATE COURTS. TO COMPLY WITH THIS PROVISION, LIVE PROCEEDINGS WILL BE BROADCAST ON EITHER YOUTUBE OR FACEBOOK LIVE. HOWEVER, RECORDING OF THESE PROCEEDINGS IS STRICTLY PROHIBITED. PARTICIPANTS AND VIEWERS ARE HEREBY ADMONISHED THAT VIOLATORS ARE SUBJECT TO THE COURT'S CONTEMPT POWERS. THE PUNISHMENT FOR CONTEMPT OF A COURT ORDER IS A FINE OF NOT MORE THAN $500, OR CONFINEMENT IN THE COUNTY JAIL FOR NOT MORE THAN SIX (6) MONTHS, OR BOTH SUCH A FINE AND CONFINEMENT.    (TEXAS GOVERNMENT CODE SEC. 21.002)

These orders shall remain in full force and effect until set aside.

SIGNED on the 15 day of September, 2020.

HON. RICHARD C. TERRELL
JUDGE PRESIDING
79TH JUDICIAL DISTRICT COURT

HON. MICHAEL V. GARCIA
JUDGE PRESIDING
JIM WELLS COUNTY COURT AT LAW

COPY

CAUSE NO. 21-02-60953-CV

| | | |
|---|---|---|
| MELISSA VILLANUEVA, ON | § | IN THE DISTRICT COURT |
| BEHALF OF THE ESTATE OF ABELINO | § | |
| GUZMAN, DECEASE, AND ON | § | |
| BEHALF OF A.G., A MINOR, DESIRAY | § | |
| DAVIS, AND TRACY GUZMAN | § | |
| | § | |
| V. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| ELECTRIC RELIABILITY COUNCIL | § | |
| OF TEXAS, INC., AMERICAN | § | |
| ELECTRIC POWER COMPANY, INC., | § | |
| AND AEP TEXAS, INC. | § | JIM WELLS COUNTY, TEXAS |

## DEFENDANTS AMERICAN ELECTRIC POWER COMPANY, INC. AND AEP TEXAS INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME now, American Electric Power Company, Inc. ("AEPC") and AEP Texas Inc. ("AEP Texas"), Defendants in the above styled and numbered cause, and file this their Original Answer to Plaintiffs' Original Petition, and would respectfully show unto the Court as follows:

### I.

AEPC and AEP Texas generally deny the allegations contained in the Plaintiffs' Original Petition, each and every, all and singular, general and specific, and upon this denial, demand a strict trial of the issues before the Court and to the jury.

### II.

Answering further herein, should such be necessary and by way of affirmative defense, Defendants state that the incident and all of the damages complained of by the Plaintiffs, and claimed in this case were the result of one or more acts or omissions of negligence committed by others over whom Defendants had no control.

1

III.

Answering further herein, should such be necessary and by way of affirmative defense, Defendants state that the incident and all of the damages complained of by the Plaintiffs, and claimed in this case were the result of an intervening, superseding cause.

IV.

Answering further herein, and by way of affirmative defense, Defendant AEP Texas contends that the Plaintiff's' damages, if any, are subject to and limited by AEP Texas' tariff on file with the Public Utility Commission of Texas.

V.

Answering further herein, Defendants state that the Plaintiffs' allegations of gross negligence are subject to and limited by the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code.

VI.

Answering further herein, AEP Texas states that at all relevant time periods herein it was solely a transmission and distribution utility as that term is defined in §31.002(19) of the Texas Utilities Code and Rule 25.5(137) of the Public Utility Commission's Substantive Rules Applicable to Electric Service Providers. AEP Texas is not a generator or a retail electric provider.

VII.

Answering further herein, AEPC states that it is not liable in the capacity in which it has been sued and that there is a defect in parties. AEPC is the sole shareholder of AEP Texas. AEPC is a holding company and has no employees. AEPC is not a transmission and distribution utility and does not operate any facilities in the State of Texas. AEPC is not a proper party to this lawsuit.

## VIII.

WHEREFORE, PREMISES CONSIDERED, Defendants AEPC and AEP Texas pray that Plaintiffs take nothing by their causes of action and the Defendants go hence with costs and without day.

Respectfully submitted,

SCHAUER & SIMANK, P.C.
615 N. Upper Broadway, Suite 700
Corpus Christi, Texas 78401-0781
Ph. 361.884.2800 | Fax: 361.884.2822

BROWNING LAW FIRM, PLLC
P.O. Box 1600 | Abilene, Texas 79604
Ph.: 325.437.3737 | Fax: 325.437.1799

JONES, GALLIGAN, KEY, & LOZANO, L.L.P.
Town Center Tower, Suite 300
2300 West Pike Boulevard | Weslaco, Texas 78596
Ph: 956.968.5402 | Fax: 956.969.9402

DUGGINS WREN MANN & ROMERO, LLP
600 Congress | Ste. 1900 | Austin, TX 78701
Ph: 512.744.9300 | Fax: 512.744.9399

By:      _/s/ G. Don Schauer_
    G. Don Schauer | SBN: 17733298
    E-mail: dschauer@cctxlaw.com
    Cade Browning | SBN: 24028748
    E-mail: cade@browningfirm.com
    Robert L. Galligan | SBN: 07590500
    E-mail: bgalligan@jgkl.com
    Lance Kirby | SBN: 00794096
    E-mail: lakirby@jgkl.com
    Marnie A. McCormick | SBN: 00794264
    E-mail: mmccormick@dwmrlaw.com
    William Johnson | SBN: 24002367
    E-mail: bjohnson@dwmrlaw.com

**ATTORNEYS FOR DEFENDANTS
AMERICAN ELECTRIC POWER COMPANY
AND AEP TEXAS INC.**

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded

to the following counsel of record on this the 22nd day of March, 2021:

***VIA E-FILE & EMAIL:***
Mikal C. Watts
WATTS GUERRA LLP
Four Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257
mcwatts@wattsguerra.com

Gregory Gowan
GOWAN ELIZONDO LLP
555 N. Carancahua St., Ste. 1400
Corpus Christi, Texas 78401
ggowan@gelawfirm.com

Patrick A. Luff
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, Texas 75231
pluff@fnlawfirm.com

Jerrold S. Parker
Raymond Silverman
Melanie Muhlstock
Nicholas F. Morello
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050

*/s/ G. Don Schauer*
G. Don Schauer

## VERIFICATION

**STATE OF TEXAS**          §
                           §
**COUNTY OF DALLAS**        §

Before me, the undersigned notary, on this day personally appeared **Robert Lesesne**, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is **Robert Lesesne**. I am employed as **Senior Counsel** for American Electric Service Corporation, and I am capable of making this verification. I have read Section VII of Defendant American Electric Power Company, Inc.'s Original Answer. The facts stated in Section VII are true and correct to the best of my knowledge, information, and belief."

**ROBERT LESESNE**

Sworn to and subscribed before me by **Robert Lesesne** on March 19, 2021.

Notary Public in and for the State of Texas

NICHOLAS P FOLIGNO
Notary Public, State of Texas
Comm. Expires 08-23-2021
Notary ID 126243992

## CAUSE NO. 21-02-60953-CV

| | | |
|---|---|---|
| **MELISSA VILLANUEVA, ON BEHALF OF THE ESTATE OF ABELINO GUZMAN, DECEASED, AND ON BEHALF OF A.G., A MINOR, DESIRAY DAVIS, AND TRACY GUZMAN,** | § § § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § | |
| **V.** | § § | **JIM WELLS COUNTY, TEXAS** |
| **ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., AMERICAN ELECTRIC POWER COMPANY, INC., AND AEP TEXAS, INC.,** | § § § § § | |
| **Defendants.** | § | **79TH JUDICIAL DISTRICT** |

## ERCOT'S ORIGINAL ANSWER

Defendant Electric Reliability Council of Texas, Inc. ("ERCOT") files this Original Answer and respectfully shows this Court the following:

## I.
## FAILURE TO STATE A CLAIM

1.      Plaintiffs Melissa Villanueva, on Behalf of the Estate of Abelino Guzman, Deceased, and on Behalf of A.G., a Minor, Desiray Davis, and Tracy Guzman ("Plaintiffs") fail to state a claim against ERCOT for which relief can be granted.

## II.
## JURISDICTION

2.      This Court lacks jurisdiction to adjudicate Plaintiffs' claims against ERCOT because they are barred by sovereign immunity and fall within the exclusive jurisdiction of the Public Utility Commission of Texas.

### III.
### <u>LIMITATION OF DAMAGES</u>

3. To the extent Plaintiffs' claims against ERCOT are not barred, Plaintiffs' recoverable damages, if any, are limited pursuant to Section 84.006 of the Texas Civil Practice & Remedies Code.

### IV.
### <u>GENERAL DENIAL</u>

4. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, ERCOT generally denies each and every claim and allegation contained in Plaintiffs' Original Petition, and all amendments and supplements thereto, and demands strict proof thereof as required by law.

### V.
### <u>AFFIRMATIVE DEFENSES</u>

5. Plaintiffs' claims are barred, in whole or in part, by the doctrine of sovereign immunity.

6. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to exhaust and/or utilize available administrative remedies.

7. Plaintiffs' claims are barred, in whole or in part, by Chapters 32 and/or 33 of the Texas Civil Practice & Remedies Code.

8. Plaintiffs' claims are barred, in whole or in part, by failure to mitigate damages, if any.

9. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' harm, if any, arose from an intervening and superseding cause.

10. Plaintiffs' harm, if any, arose from an Act of God.

11. Plaintiffs cannot recover damages against ERCOT pursuant to Section 25.361 of Title 16 of the Texas Administrative Code.

12.     ERCOT asserts the defense that any award of exemplary or punitive damages is subject to all limitations imposed by Texas law including those in Chapter 41 of the Texas Civil Practice and Remedies Code as well as those provided under the United States Constitution and the Texas Constitution.

13.     Any award of pre-judgment interest for damages that have not yet accrued would violate ERCOT's right to substantive and procedural due process under the Constitutions of the United States and the State of Texas.

## VI.
## PRAYER

Defendant ERCOT requests that the Court dismiss this case for lack of jurisdiction, alternatively, ERCOT requests that upon final hearing, a judgment be entered that Plaintiffs take nothing against ERCOT. ERCOT further requests all relief to which it is entitled.

Respectfully submitted,

**WINSTEAD PC**
401 Congress Avenue, Suite 2100
Austin, Texas  78701
(512) 370-2800 telephone
(512) 370-2850 fax

By:____*/s/ Elliot Clark*_____
        Elliot Clark                SBN 24012428
        eclark@winstead.com
        D. Blake Wilson            SBN 24090711
        bwilson@winstead.com

        and

Jason R. Bernhardt                   SBN 24045488
jbernhardt@winstead.com
Katie Banks                          SBN 24092114
kbanks@winstead.com
**WINSTEAD PC**
600 Travis, Suite 5200
Houston, Texas 77002
(713) 650-8400 telephone
(713) 650-2400 fax

**ATTORNEYS FOR DEFENDANT**
**ELECTRIC RELIABILITY COUNCIL OF**
**TEXAS, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

By my signature below, I hereby certify that a true and correct copy of this document has been served in accordance with the Texas Rules of Civil Procedure on this the 23rd day of March, 2021.

<u>**ATTORNEYS FOR PLAINTIFF**</u>

Mikal C. Watts
mcwatts@wattsguerra.com
Francisco Guerra IV
fguerra@wattsguerra.com
Alicia D. O'Neill
aoneill@wattsguerra.com
Meredith D. Stratigopoulos
mdrukker@wattsguerra.com
Watts Guerra LLP
Four Dominion Drive
Bldg. 3, Suite 100
San Antonio, TX 78257
210.447-0500 p
210.447-0501 f

Patrick A. Luff
pluff@fnlawfirm.com
Matthew R. McCarley
mccarley@fnlawfirm.com
C. Bryan Fears
fears@fnlawfirm.com
N. Majed Nachawati
mn@fnlawfirm.com
Fears Nachawati, PLLC
5473 Blair Road

Gregory L. Gowan
Texas Bar No. 00795384
ggowan@gelawfirm.com
Gowan Elizondo LLP
555 N. Carancahua St., Suite 1400
Corpus Christi, TX 78401
Phone: (361) 651-1000
Fax: (361) 651-1001

Dallas, TX 75231
214.890.0711 p
214.890.0712 f

**ATTORNEYS FOR DEFENDANTS**
**AMERICAN ELECTRIC POWER COMPANY**
**AND AEP TEXAS, INC.**

G. Don Schauer
dschauer@cctxlaw.com
SCHAUER & SIMANK, P.C.
615 N. Upper Broadway, Suite 700
Corpus Christi, Texas 78401-0781
Ph. 361.884.2800
Fax: 361.884.2822

Cade Browning
cade@browningfirm.com
BROWNING LAW FIRM, PLLC
P.O. Box 1600
Abilene, Texas 79604
Ph.: 325.437.3737
Fax: 325.437.1799

Robert L. Galligan
biialligan@jgki.com
Lance Kirby
lakirby@jgkl.com
JONES, GALLIGAN, KEY, & LOZANO, L.L.P.
Town Center Tower, Suite 300
2300 West Pike Boulevard
Weslaco, Texas 78596
Ph: 956.968.5402
Fax: 956.969.9402

Marnie A. McCormick
mmcconnick@dwrnriaw.com
William Johnson
biohnson@dwmrlaw.com
DUGGINS WREN MANN & ROMERO, LLP
600 Congress, Ste. 1900
Austin, TX 78701
Ph: 512.744.9300
Fax: 512.744.9399

_____/s/ Elliot Clark_____
Elliot Clark